Filed 7/21/26  P. v. Mancillas CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, Plaintiff and Appellant, v. MARLON ALEXANDER MANCILLAS, Defendant and Respondent. | B349157 Los Angeles County Super. Ct. No. 24VWCF01516 |

APPEAL from a judgment of the Superior Court of Los Angeles County, Shellie L. Samuels, Judge.  Reversed and remanded for further proceedings.

Nathan J. Hochman, District Attorney, Cassandra Throp and Byron Beck, Deputy District Attorneys, for Plaintiff and Appellant.

California Appellate Project, Jennifer Peabody and Olivia Meme, under appointment by the Court of Appeal, for Defendant and Respondent.

The People bring this appeal.  They contend the trial court imposed an unauthorized sentence by using Penal Code section 654 to sentence defendant Marlon Alexander Mancillas under Vehicle Code section 10851, subdivision (a) rather than sentencing him under Penal Code section 666.5.[1]  We agree and remand the case for further proceedings consistent with this opinion.

In 2025, Mancillas pleaded no contest to driving or taking a vehicle he did not own without the owner's consent in violation of Vehicle Code section 10851, subdivision (a).  Mancillas also admitted that he previously sustained prior convictions under that same Vehicle Code section within the meaning of section 666.5.  The sentencing triad for a single violation of Vehicle Code section 10851, subdivision (a) is 16 months, two years, or three years in county jail.  (*Ibid.*; § 1170, subd. (h)(1).)  By contrast, the sentencing triad for repeat offenders under section 666.5, subdivision (a) is imprisonment for two, three, or four years.  (*Ibid.*)

With respect to the section 666.5 allegation, the trial court stayed sentencing under section 654.  The court thus effectively sentenced Mancillas as though this were his first conviction for violating Vehicle Code section 10851, subdivision (a).  In doing so, the court imposed a low term of 16 months imprisonment under that statute, rather than sentencing Mancillas under section 666.5.  This was an erroneous, unauthorized sentence.

Mancillas does not dispute that a stay of the section 666.5 allegation under section 654 is improper.  But he contends the

---

[1]     All undesignated statutory references are to the Penal Code.

trial court did not impose such a stay.  Rather, according to Mancillas, the court acted within its broad discretion under section 1385 to dismiss the section 666.5 allegation and sentence him in the manner it did.  As we shall explained, however, the record belies this contention.

## TRIAL COURT'S RULING

The court made the following statements when sentencing Mancillas:

> I just want [the parties] to be aware that if I
> can't do this, what I'm doing with 666.5, if I can't
> *stay* [that allegation], I will get a letter from the [CDCR],
> I guess, saying that there's a mistake and [that I am
> required to impose] the low term [of] two years [under
> section 666.5]. ¶

> ¶ And [the CDCR] will want me to change [the sentence] to
> two years.  So I'm warning you right now I'm going to have
> to, because if they have a code section that says I can't do
> this – I just have some vague memory of this happening
> before and there being a letter.  But I can't say it's going to
> happen. ¶

> As to count 1, a violation of 10851(a) of the Vehicle Code,
> [Mancillas] is to be imprisoned in [ ] county jail for a total
> aggregate term of 16 months.  The court selects the low
> term of 16 months as the base term per the plea agreement.
> *The 666.5 allegation is stayed*[,] making the triad . . . . 16
> months, two years, [or] three years, and I'm giving the low

3

term on that. I'm pretty sure I'm going to get a letter, just so you know. *We will bring him back and he will have to give up some of his credits, I guess[, if the CDCR deems the sentence unlawful].*

(Italics added.)

## DISCUSSION

### A. Applicable Statutes and Standard of Review

We begin our discussion by reviewing the multiple statutes cited by the trial court at the sentencing hearing and the parties in their respective appellate briefs.

Vehicle Code section 10851 prohibits vehicle theft. Subdivision (a) of the statute provides: "Any person who drives or takes a vehicle not his or her own, without the consent of the owner thereof, and with intent either to permanently or temporarily deprive the owner thereof of his or her title to or possession of the vehicle, whether with or without intent to steal the vehicle, or any person who is a party or an accessory to or an accomplice in the driving or unauthorized taking or stealing, is guilty of a public offense and, upon conviction thereof, shall be punished by imprisonment in a county jail for not more than one year or pursuant to subdivision (h) of Section 1170 of the Penal Code or by a fine of not more than five thousand dollars ($5,000), or by both the fine and imprisonment." Under section 1170, subdivision (h), the sentencing triad for a single section 10851, subdivision (a) violation is 16 months, two years, or three years in county jail.

Section 666.5 increases the sentence for offenders who commit more than one vehicle theft. Subdivision (a) of the

statute states, "[e]very person who [ ] [has] been previously convicted of a felony violation of Section 10851 of the Vehicle Code, . . . regardless of whether or not the person actually served a prior prison term for [that] offense[ ], [and] is subsequently convicted of [that] offense[,] shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 for two, three, or four years, or a fine of ten thousand dollars ($10,000), or both the fine and the imprisonment."  "Section 666.5 is an alternate punishment scheme that prescribes an elevated sentencing triad for recidivist car thieves who have a prior felony conviction for car theft or related conduct."  (*People v. Lee* (2017) 16 Cal.App.5th 861, 869 (*Lee*).)  "Section 666.5 does not define a new offense and it is not an enhancement; it simply increases the punishment for the crime."  (*Lee*, at p. 869.)

Sections 654 and 1385 are general sentencing statutes that are not limited to vehicle theft.  Section 654, subdivision (a) provides, in pertinent part: "An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision."  Under section 1385, subdivision (a), "[t]he judge or magistrate may, either on motion of the court or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed."

We review a trial court's sentencing decisions for abuse of discretion.  (*People v. Sandoval* (2007) 41 Cal.4th 825, 847 (*Sandoval*).)  "The trial court's sentencing discretion must be exercised in a manner that is not arbitrary and capricious" and that is "consistent with the letter and spirit of the law."  (*Ibid.*)  "[A] sentence is generally 'unauthorized' where it could not

5

lawfully be imposed under any circumstance in the particular case." (*People v. Scott* (1994) 9 Cal.4th 331, 354 (*Scott*).) It is well settled that a trial court imposes an unauthorized sentence when it erroneously stays a sentence using section 654. (*Scott*, at p. 354, fn. 17.)

## B. Analysis

### 1. The trial court sentenced Mancillas using section 654, not section 1385

As a threshold matter, the parties disagree over what statute the trial court used to sentence Mancillas in the manner it did. Whereas the People assert the trial court *stayed* the section 666.5 allegation using section 654, Mancillas asserts the trial court *dismissed* the section 666.5 allegation using section 1385. We agree with the People.

Although the reporter's transcript does not indicate the trial court mentioned section 654 when orally pronouncing judgment, the court explicitly stated it was "staying" the section 666.5 allegation, which is the action courts are directed to take when applying section 654. (See, e.g, *People v. Duff* (2010) 50 Cal.4th 787, 796 ["when a court determines that a conviction falls within the meaning of section 654, it is necessary to impose sentence but to *stay* the execution of the duplicative sentence." [italics added and omitted].) Moreover, the minute order of Mancillas's sentencing hearing explicitly states the court "stayed [8 months of his sentence] *pursuant to Penal Code section 654.*" (Italics added.)

Viewing the reporter's and clerk's transcript in tandem, the only reasonable interpretation of the record is that the court stayed the section 666.5 allegation under section 654. We reject

6

Mancillas's argument that the court's multiple references to "staying" the section 666.5 allegation rather than "dismissing" it, as well as the explicit mention of section 654 in the minute order, were all clerical errors.[2]

Having concluded the trial court stayed Mancillas's section 666.5 allegation using section 654, we turn to whether the court's application of section 654 constituted an unauthorized sentence.[3]

### 2. The trial court imposed a sentence that was unauthorized by section 654

We agree with the People that the trial court's use of section 654 to stay Mancillas's section 666.5 repeat offender allegation constituted an unauthorized sentence.

"Section 654 prohibits multiple punishment for a single physical act that violates different provisions of law." (*Jones, supra*, 54 Cal.4th at p. 358.) We review a trial court's finding that it would violate section 654 to impose multiple sentences for substantial evidence. (*People v. Garcia* (2008) 167 Cal.App.4th 1550, 1564.)

---

[2] Section 654 *requires* courts to not impose multiple punishments for single acts. (*People v. Jones* (2012) 54 Cal.4th 350, 358 (*Jones*).) Section 1385, by contrast, is a discretionary statute—it allows a sentencing court to dismiss an action in furtherance of justice. Nothing in the record suggests the trial court believed it would further the interest of justice to sentence Mancillas in the manner it did.

[3] Because we conclude the trial court did not dismiss the section 666.5 allegation under section 1385, we need not address Mancillas's contention that dismissal of the repeat offender allegation would have been permissible under section 1385.

7

It is not always easy to ascertain what constitutes a single physical act within the meaning of section 654. (*Jones, supra*, 54 Cal.4th at p. 358.) In this case, however, it is readily apparent that Mancillas falls outside section 654. Mancillas's three acts that led to his Vehicle Code section 10851, subdivision (a) convictions occurred in February 2023, September 2023, and July 2024 respectively. Because these vehicle thefts all occurred on separate dates, and indeed months apart from one another, they could not have constituted single acts barring multiple punishment within the meaning of section 654. The trial court thus imposed an unauthorized sentence by applying section 654 to stay sentencing under section 666.5 in a manner unsupported by substantial evidence. (See *Scott, supra*, 9 Cal.4th at p. 354, fn. 17.) Stated differently, the court abused its discretion by imposing a sentence that was inconsistent with the "letter and spirit" of section 654. (See *Sandoval, supra*, 41 Cal.4th at p. 847.) Given that the sentence imposed was unauthorized, we conclude remand is warranted. [4]

During oral argument, both parties stated through counsel that on remand, Mancillas should be permitted to withdraw his plea if he chooses to do so.

---

[4] We reject Mancillas's argument that the People forfeited their challenge to his sentence by not objecting to it in the trial court with adequate specificity. A lack of objection below does not forfeit an appellate challenge to an unauthorized sentence. (*Scott, supra*, 9 Cal.4th at p. 354.) Because we reject Mancillas's forfeiture argument on that basis, we need not address the parties' arguments concerning whether the People's general objection to the trial court's imposition of a 16-month sentence was sufficiently specific to preserve the arguments raised by the People in this appeal.

## DISPOSITION

We vacate Mancillas's sentence and remand the case for further proceedings. On remand, the trial court is not prohibited from giving Mancillas the opportunity to withdraw his plea if he wishes to do so. If Mancillas again pleads or is otherwise convicted, the trial court may consider its full range of lawful sentencing options. (See *People v. Buycks* (2018) 5 Cal.5th 857, 893.)

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TAMZARIAN, J.

We concur:

ZUKIN, P. J.

COGLIATI, J.*

---

\* Judge of the Santa Cruz Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9